UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARON D. BLUNT,

    Plaintiff,

v.                                              Case No. 21-C-325

OFFICER LINDSEY, Milwaukee Police
Department Liason Officer,

    Defendant.

## SCREENING ORDER

    Plaintiff Laron Blunt, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Blunt's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Blunt has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Blunt has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed an initial partial filing fee of $8.00. On March 24, 2021, the Court received a letter from Blunt in which he asks the Court to waive the initial partial filing fee because he has no income, no one is sending him any funds, and his account currently has a negative balance. Dkt. No. 7.

Blunt's trust account statement confirms that he has not had any deposits into his account since November 2020, shortly after he was taken into custody and that his account currently has a negative balance. Accordingly, the Court finds that Blunt lacks the assets and means to pay the partial filing fee and so will waive the initial partial filing fee. 28 U.S.C. §1915(b)(4).

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

2

Case 1:21-cv-00325-WCG   Filed 04/07/21   Page 2 of 6   Document 8

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Blunt alleges that, on November 16, 2020, Defendant Milwaukee Police Officer Lindsey approached him while he was cuffed to a bench at the Milwaukee County Jail and started twisting his wrist and bending his fingers for no apparent reason. Dkt. No. 1 at 2. According to Blunt, Lindsey was yelling at him to unball his fist before he breaks his fingers. *Id.* Sheriff Miller, Lt. Dingman, and other officers (who are not defendants) allegedly rushed over. *Id.* Blunt asserts that he was not resisting and after about two to three minutes of Lindsey twisting and bending his fingers and causing him pain, officers told Lindsey to stop. *Id.* at 3. Blunt states that he was uncuffed and placed in a holding cell. *Id.* He was later taken to the hospital allegedly due to the injuries Lindsey caused. *Id.* Blunt thinks Lindsey was angry because Blunt had told him officers were lazy. *Id.*

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Blunt was a pretrial detainee at the time of the alleged incident, his claim that Lindsey used excessive force must be analyzed under the Fourteenth Amendment's standard of objective reasonableness. *See Kingsley v. Hendrickson*, 576

3

U.S. 389, 397 (2015). Under the reasonableness inquiry, "the question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citations omitted). The Court will allow Blunt to proceed on an excessive force claim against Lindsey based on his allegations that Lindsey twisted his wrist and fingers for several minutes without justification, causing him significant pain and resulting in injuries that required medical treatment.

**IT IS THEREFORE ORDERED** that the $8.00 initial partial filing fee is **WAIVED**, and Blunt's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Officer Lindsey of the Milwaukee Police Department pursuant to Federal Rule of Civil Procedure 4. Blunt is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Officer Lindsey shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Blunt shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from Blunt's prison trust account in an amount equal to 20% of the preceding month's income credited to

Blunt's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Blunt is transferred to another institution, the transferring institution shall forward a copy of this Order along with Blunt's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Blunt is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any

5

Case 1:21-cv-00325-WCG   Filed 04/07/21   Page 5 of 6   Document 8

change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Blunt may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 7th day of April, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge